**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Crim. No. CCB-13-0528 |
| | * | |
| GARRY DEJESUS ROJAS | * | |
| | * | |
| | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM

Garry DeJesus Rojas is a forty-nine-year-old federal prisoner serving a 121-month sentence imposed in 2015 for drug trafficking. Approximately nine months after being released on home confinement, Rojas was returned to BOP custody for failing to return to the halfway home on time. Now pending is Rojas's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECFs 86, 88). Rojas seeks relief based on underlying health conditions making him particularly susceptible to serious illness related to COVID-19. The government defers to the court on his motion. (ECF 90). For the reasons explained below, the motion will be granted, and Rojas's sentence will be reduced to time served.

### BACKGROUND

In October 2014, Rojas pled guilty to one count of conspiracy to distribute and possess with intent to distribute one kilogram or more of a mixture or substance containing a detectable amount of heroin and 500 grams or more of a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 846. (ECF 58, Plea Agreement at 1). In January 2015 he was sentenced to 121 months imprisonment, followed by five years of supervised release. (ECF 65, Judgment). Rojas was released to home confinement to a halfway house under the CARES Act in November 2020. (ECF 86 at 1). He subsequently began taking classes in pursuit of a Commercial Driver's License, and on September 1, 2021, was unable to return from classes to his halfway house on time. (*Id.* at 2;

1

ECF 86-6, CDL Letter). Rojas asserts that this was because his car broke down and there were no tow trucks or taxis available because of Hurricane Ida. (*Id.*; ECF 86-8; ECF 86-9). Rojas was returned to BOP custody at MDC Brooklyn, where he filed his emergency motion for compassionate release. (*Id.*).

In December 2018, Congress enacted the First Step Act. *See* Pub. L. No. 115-391, 132 Stat. 5194. As part of the Act, Congress amended 18 U.S.C. § 3582(c), which empowers courts to reduce a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." *See* 18 U.S.C. § 3582(c)(1)(A)(i); Pub. L. 115-391, Title VI, § 603(b), Dec. 21, 2018, 132 Stat. 5239. Before the First Step Act was enacted, a court could review a prisoner's sentence pursuant to § 3582(c)(1)(A) only "upon motion of the Director of the Bureau of Prisons" ("BOP"). *Id.* But under the amended statute, a court may conduct such a review also "upon motion of the defendant," if the defendant has exhausted all administrative remedies to appeal the BOP's failure to bring a motion, or if thirty days have lapsed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" *Id.* The court may authorize compassionate release if, after considering the factors set forth in 18 U.S.C. § 3553(a), the court finds that "extraordinary and compelling reasons" warrant it. *See* 18 U.S.C. § 3582(c)(1)(A)(i).

Rojas submitted a request for compassionate release to the Warden of FCI Danbury, where he was then incarcerated, which was denied on May 6, 2020. (ECF 86-4, Warden's Letter). The government does not contest that Rojas has exhausted his administrative remedies, and also concedes that Mr. Rojas's documented obesity places him at increased risk for severe illness from contracting

2

COVID-19.[1] Thus, the only issue is whether the § 3553(a) factors weigh in favor of a sentence reduction.

## DISCUSSION

Under 28 U.S.C. § 994(t) the United States Sentencing Commission has the responsibility to define "what should be considered extraordinary and compelling reasons for sentence reduction" under § 3582(c)(1)(A). The most recent Sentencing Commission policy statement defining "extraordinary and compelling reasons" for sentence reduction, Guideline § 1B1.13, predates the First Step Act and, as the Fourth Circuit recently held, is not a policy statement that applies to motions for compassionate release brought by defendants, because its plain text "constrains the entire policy statement to motions filed solely by the BOP, . . . and not by defendants themselves." *United States v. McCoy*, 981 F.3d 271, 281–82 (4th Cir. 2020) (internal quotation marks and citation omitted). In the absence of an "applicable policy statement[] issued by the Sentencing Commission" concerning what may be an "extraordinary and compelling reason" for compassionate release when a defendant brings a motion under § 3582(c)(1)(A), "district courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" *Id.* at 284 (quoting *United States v. Zullo*, 976 F.3d 228, 230 (2d Cir. 2020)).

### I.     The § 3553(a) Sentencing Factors Warrant Compassionate Release

The court must consider the factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable[.]" *See* 18 U.S.C. § 3582(c)(1)(A). The court accounts for Rojas's history and characteristics and also must ensure that the sentence imposed reflects the seriousness of the offense and provides for adequate deterrence. *See* § 18 U.S.C. §§ 3553(a)(1), 3553(a)(2)(A)–(B). As

---

[1] The CDC's data collection shows that obesity "can make you more likely to get severely ill from COVID-19." *See COVID-19: People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated Oct. 14, 2021).

3

explained above, Rojas's conduct was serious, involving a large quantity of heroin. His role, however, was primarily as a courier, and he was not involved in any violence. (ECF 58 at 4-5; ECF 90 at 20). This was not Rojas's first offense: he has been convicted of burglary, a DUI, and two charges of possession of controlled substances. (ECF 61, Pre-Sentence Report at ¶¶ 27-30). The burglary—the most serious additional offense on Rojas's record—however, occurred almost twenty-five years ago. While incarcerated, Rojas has produced a mixed, but overall positive, record. Though he has committed three disciplinary infractions during his incarceration, possession of contraband (twice) and being "unsanitary or untidy", (ECF 86-3, Disciplinary Record), none of these offenses are violent or indicate to the court that Rojas poses a risk to others. Before his failure to appear at the halfway house on September 1, 2021, Rojas had complied fully with the terms of his home confinement. (ECF 86 at 7).

Rojas already has served eighty months, or over six-and-a-half years, totaling approximately two-thirds of his sentence. This time served adequately reflects the seriousness of the offense and has provided for adequate deterrence from future criminal conduct. Further, for the protection of the public, Rojas's sentence contemplates continued supervision for a period of five years.

Based on the above considerations, and in light of the principle that a sentence should be "sufficient, but not greater than necessary," *see* 18 U.S.C. § 3553(a), the court finds that the § 3553(a) factors weigh in favor of reducing Rojas's sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). This, combined with the "extraordinary and compelling" risk to Rojas of severe illness from COVID-19 should he remain in prison, leads the court to conclude that Rojas is entitled to compassionate release.

## CONCLUSION

For the foregoing reasons, Rojas's motion for compassionate release (ECFs 86, 88) will be granted. The associated motion to seal (ECF 89) will be granted to protect the confidentiality of personal information.

The terms and conditions of supervised release to which Rojas was sentenced will remain in place. In addition, he will be required to comply with all directives of federal, state, and local governments related to public health issues, including COVID-19.

A separate Order follows.

11/15/21
Date

Catherine C. Blake
United States District Judge

5